**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tera Larae Wilson,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-18-01034-PHX-DLR<br><br>**ORDER** |

At issue is the denial of Plaintiff Tera Larae Wilson's Application for Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 16, "Def.'s Br."), and Plaintiff's Reply (Doc. 19, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now reverses the Administrative Law Judge's decision (R. at 11–23) as upheld by the Appeals Council (R. at 1–4).

**I.     BACKGROUND**

Plaintiff filed an application for Supplemental Security Income Benefits on August 14, 2013 for a period of disability beginning September 12, 2013.[1] (R. at 11.) Plaintiff's claim was denied initially on February 25, 2014 (R. at 11), and on reconsideration on July 3, 2014 (R. at 11). Plaintiff then testified at two hearings held before an Administrative

---
[1] At Plaintiff's hearing on December 14, 2016, the ALJ granted Plaintiff's motion to amend the onset date from August 1, 2005 to September 12, 2013. (R. at 11.)

Law Judge ("ALJ"), the first on December 14, 2016, and the second on April 11, 2016. (R. at 11.) On May 25, 2016, the ALJ denied Plaintiff's Application. (R. at 23.) On February 8, 2018, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1–4.) On April 3, 2018, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: obesity; hearing loss; status post knee surgery; diabetes mellitus; anxiety; personality disorder; bipolar disorder; post traumatic stress disorder; substance addiction disorder; and hypertension. (R. at 14.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (R. at 14–15.) The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b)" in a role such as housekeeper, marker, or router. (R. at 16, 22.)

## II.  LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III.  ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred by rejecting the opinions of Plaintiff's treating nurse practitioners; (2) the ALJ erred by rejecting Plaintiff's symptom testimony; and (3) the ALJ failed to consider all of Plaintiff's limitations in determining Plaintiff's mental work capacities.

### A. The ALJ Erred in Discrediting the Opinions of Nurse Practitioners Pray and Hammond

The ALJ discredited Pray and Hammond's opinions, in part, because they are nurse practitioners, and thus not an "acceptable medical source" per a section of the Federal Code of Regulations in effect at the time Plaintiff filed her disability claim. 20 C.F.R. § 404.1513(a) (2013).[2] Under this pre-2017 version, a nurse practitioner falls under subsection (d)(1) for "other sources" who are "[m]edical sources not listed in paragraph (a) of this section." 20 C.F.R. § 404.1513(d)(1) (2013). But section 404.1527, also in force at the time of Plaintiff's Application, instructs that:

> [d]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source . . . may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole.

20 C.F.R. § 404.1527(f)(1).[3]

Here, the ALJ erred by affording "little" and "no" weight to Pray and Hammond's opinions, respectively. (R. at 20.) Given that Pray and Hammond were Plaintiff's primary providers of psychiatric care, each had a more consistent relationship with Plaintiff than either of the non-examining state agency physicians the ALJ relied upon in determining Plaintiff's RFC. Further, in addition to completing detailed medical assessments of Plaintiff in December 2013 (R. at 587–88) and July 2014 (R. at 624–25), in which Pray

---

[2] This section was amended in 2017. In the new provision, 20 C.F.R. § 404.151(a)(2) (2017), there are two different definitions of "medical opinion." For claims filed before March 27, 2017, "medical opinion" is defined by the 2013 version, which contains the definition of "acceptable medical sources." For claims filed after March 27, 2017, "[a] medical opinion is a statement from a medical source" and does not exclude statements from nurse practitioners.

[3] This section has since been amended, but still applies to all claims filed before March 27, 2017. 20 C.F.R. § 404.1527.

opined that Plaintiff suffered moderate to severe psychiatric limitations, Pray provided extensive treatment notes that detail the psychiatric symptoms he observed in Plaintiff over the course of the treatment relationship (R. at 521–83, 619–23, 689–700, 707–17, 720–28). Likewise, Hammond concluded Plaintiff suffered from severe psychiatric limitations in November 2015 (R. at 760–61) and provided treatment notes that detailed the psychiatric symptoms she observed in Plaintiff over the course of the treatment relationship (R. at 772–81).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* Here, the ALJ failed to provide legitimate and specific reasons to discredit Pray and Hammond's opinions. An ALJ is required to review the whole record and not cherry-pick evidence to support his/her findings. *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001). Although, as the ALJ noted, Dr. Stephen Jaffee observed encouraging psychiatric symptoms in Plaintiff during an exam he performed in June 2015—including logical thought process and associations; unremarkable stream of thought; fair concentration, memory, and fund of knowledge; good insight and judgment; and no delusions or hallucinations—he also noted that Plaintiff had poverty of speech, psychomotor retardation, a depressed mood, and a constricted affect. (R. at 736–39.) Regardless of their status as nurse practitioners, it was error for the ALJ to discredit or reject opinions that were based on a treating relationship with Plaintiff and supported by extensive treatment notes without identifying specific and legitimate reasons to do so.

**B.     The ALJ Must Reevaluate Plaintiff's Symptom Testimony in Light of the Properly Assessed Opinions of Nurse Practitioners Pray and Hammond**

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the

claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Here, the ALJ discredited Plaintiff's symptom testimony, in part, because Plaintiff "generally treated with mental health nurse practitioners," and "[n]urse practitioners are not considered acceptable medical sources." (R. at 18.) Given the Court's finding that the ALJ erred in discrediting the opinions of nurse practitioners Pray and Hammond, Plaintiff's statements must be reevaluated in light of their properly assessed opinions. On remand, in order to discredit Plaintiff's symptom testimony, the ALJ must provide clear and convincing reasons to do so.

## IV. CONCLUSION

The ALJ erred in discrediting the medical opinions of Nurse Practitioners Pray and Hammond. Based on the Court's Order to that effect, the ALJ must reevaluate the opinions of Pray and Hammond and Plaintiff's testimony regarding Plaintiff's psychiatric limitations. Thus, the Court remands for rehearing so that Plaintiff may be assessed according to his proper limitations. *See Triechler*, 775 F.3d at 1100 (noting that while a district court may reverse an ALJ's decision and instruct the SSA to award benefits, "a Social Security case should usually be remanded to remedy defects in the administrative proceeding") (citing *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014)).[4]

**IT IS THEREFORE ORDERED** reversing the May 25, 2016 decision of the Administrative Law Judge (R. at 11–23), as upheld by the Appeals Council on February 8, 2018 (R. at 1–4).

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this Order, which will include reassessing the opinions of nurse practitioners Pray and Hammond, reassessing the credibility of Plaintiff's testimony, and adjusting the residual functional capacity presented to a vocational expert as necessary.

//

---

[4] In light of the Court's decision to remand this case for rehearing because the ALJ erred in evaluating the opinions of nurse practitioners Pray and Hammond, this Court need not decide whether the ALJ failed to consider all of Plaintiff's limitations in determining Plaintiff's mental work capacities.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 14th day of August, 2019.

_____
Douglas L. Rayes
United States District Judge