**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tera Larae Wilson,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-18-01034-PHX-DLR<br><br>**ORDER** |

Before the Court is the Commissioner's motion to amend judgment, which is fully briefed. (Docs. 23, 25.) For the following reasons, the Court will deny the Commissioner's motion.

**I. Background**[1]

On August 15, 2019, the Court concluded that the Administrative Law Judge ("ALJ") erred by discrediting the opinions of Plaintiff's treating nurse practitioners, Stephen Pray and Brandy Hammond. (Doc. 20.) It remanded the matter to the ALJ for further proceedings to reassess the nurse practitioners' opinions, and considering this reassessment, to reevaluate the credibility of Plaintiff's testimony and to adjust the residual functional capacity ("RFC") as necessary. (*Id.*) On September 12, 2019, the Commissioner filed a motion to amend judgment, asserting that the Court committed clear error by requiring the ALJ to provide "specific and legitimate reasons," rather than

---
[1] The Court incorporates by reference the background section from its August 15, 2019 order. (Doc. 20 at 1-2.)

"germane reasons," for discounting the opinions of Pray and Hammond, and by failing to conclude that those reasons provided were, in fact, germane and supported by substantial evidence. (Doc. 23.) The motion is now ripe.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), amendment or alteration of a prior order or judgment is proper if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted). To support a finding of clear error, "[m]ere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice[.]" *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (citation omitted). In other words, the error "must be one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Id.* (citation omitted).

## III. Discussion

When reviewing applications filed before March 27, 2017, an ALJ may properly discount the opinions of those not classified as acceptable medical sources, including nurse practitioners, by providing "germane reasons," rather than "specific and legitimate reasons" for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019). Therefore, the Court erred in applying the acceptable medical source standard when requiring the ALJ to provide specific and legitimate reasons for discounting the opinions of nurse practitioners Pray and Hammond. However, this error does not mandate amendment of the judgment because such error was harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (citation omitted) ("We recognize harmless error applies in the Social Security context."). Regardless of whether the Court applies the "specific and legitimate" or the "germane" standard in reviewing the ALJ's rationale, the reasons provided by the ALJ for giving

Pray's opinions little weight are unsupported by substantial evidence or are insufficient to, in and of themselves, discount the opinions. As a result, remand for further proceedings is appropriate. The Court will address the ALJ's reasons for assigning Pray's opinions little weight, in turn.

First, the ALJ gave little weight to Pray's opinions because they were "simply circle and check sheet type forms not accompanied by supporting narrative and the provider does not refer or cite to any medical reports supporting his assessments." (Doc. 11-3 at 21.) A non-medically acceptable treating source's failure to provide "reasoning or clinical findings" in support of a check-the-box form opinion is a germane reason for giving the opinion little weight. *Molina*, 674 F.3d at 1111. However, a provider's use of a check-the-box form, in and of itself, is not a germane reason to assign the opinion little weight, because "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these type of forms[.]" *Trevizo v. Berryhill*, 871 F.3d 664, 677, n.4 (9th Cir. 2017). Here, although Pray's opinions are summarized in check-the-box forms, he included thorough treatment notes immediately preceding and following the reports in support of his findings. (Doc. 11-9 at 2-64, 100-04, 170-81, 188-98, 201-90.) Therefore, the ALJ's rejection of Pray's opinions on this basis was improper.

Second, the ALJ rejected Pray's opinions because they were unsupported by other mental status exams from treating psychiatrists or psychologists. (Doc. 11-3 at 21.) An opinion's inconsistency with the medical record or the opinions of providers is a germane reason for discrediting it. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). In support of this conclusion, the ALJ explained that, contrary to Pray's opinions,[2] Dr. Stephen Jaffee, Plaintiff's treating psychiatrist, opined that Plaintiff maintained logical

---

[2] Notably, Pray opined that Plaintiff's is severely impaired in her ability to respond to customary work pressures, severely to moderately severely impaired in the ability to relate to other people, moderately severely impaired in the ability to respond appropriately to co-workers and supervision, severely to moderately impaired in the ability to perform daily activities, and moderately to mildly impaired in her personal habits, interests, ability to understand, carry out, and remember instructions and to perform simple tasks. (Doc. 11-9 at 68; Doc. 11-9 at 105.)

- 3 -

thought process, associations and unremarkable stream of thought, reported no delusions or hallucinations, and demonstrated fair concentration, memory and fund of knowledge and good insight and judgment. (*Id.*)

The Court is unconvinced that superficial observations made by Dr. Jaffee largely regarding Plaintiff's functional thought processes and concentration are necessarily inconsistent with Pray's opinions generally underscoring Plaintiff's limited social skills and ability to handle stress. Regardless, as the Court found in its August 15, 2019 order, (Doc. 20 at 5), the ALJ's reasoning is not supported by substantial evidence, because it relies on a mischaracterization of Dr. Jaffee's opinion resulting from a cherry-picking of the evidence. *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (An ALJ's reason for rejecting an opinion is not supported by substantial evidence where the "ALJ selectively relied on some entries . . . and ignored . . . many others[.]"); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). Although the ALJ portrays Dr. Jaffee's opinion positively, citing to his findings of surface-level mental functioning, he overlooks Dr. Jaffee's negative conclusions, such as those finding that Plaintiff exhibited poverty of speech, psychomotor retardation, a depressed mood/ persistent sadness, socially isolative tendencies, passive demeanor, and a constricted affect. (Doc. 11-10 at 3-12.) Accordingly, the ALJ's rejection of Pray's opinions on this basis was improper.

Third, the ALJ appears to reject Pray's opinion because he is not considered an acceptable medical source. (Doc. 11-3 at 21.) An ALJ may not discredit an opinion merely because the individual providing the opinion is not considered an acceptable medical source. *Fleming v. Astrue*, 303 F. App'x 546, 548-49 (9th Cir. 2008). Consequently, the ALJ's third basis for rejecting Pray's opinions was improper.

In sum, although some of the ALJ's stated reasons for assigning little weight to Pray's opinions are germane, none are supported by substantial evidence. The Court's error in applying the "specific and legitimate reasons" standard therefore was harmless. Having so found, the Court will deny the Commissioner's motion to amend judgment.[3]

---

[3] Although the ALJ provided germane reasons supported by substantial evidence for giving no weight to the opinion of Hammond, the Court nevertheless directs the ALJ

- 4 -

**IT IS ORDERED** that the Commissioner's motion to amend judgment (Doc. 23) is **DENIED**.

Dated this 20th day of December, 2019.

                                                  Douglas L. Rayes
                                                  United States District Judge

---

to reassess the opinions of both Pray and Hammond on remand, as directed in its August 15, 2019 order, because a proper weighing of Pray's opinions might impact the weight that the ALJ gives to Brandy's opinion.